IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01994-BNB

WALLY R. BEATTIE,

Applicant,

v.

HOYT BRILL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 28 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Wally R. Beattie is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center at Burlington Colorado. Mr. Beattie initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 6, 2008, Mr. Beattie filed an amended application for a writ of habeas corpus. Mr. Beattie is challenging the validity of the sentence he is serving pursuant to his conviction in Larimer County District Court case number 99CR1182. In an order filed on October 10, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 29, 2008, Respondents filed their Pre-Answer Response. Mr. Beattie was given an opportunity to file a reply to the Pre-Answer Response but he has not done so.

The Court must construe the amended application liberally because Mr. Beattie is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On September 1, 2000, Mr. Beattie entered a guilty plea to second degree murder and he was sentenced to forty-eight years in prison and five years of mandatory parole. He did not file a direct appeal. However, Mr. Beattie did challenge the validity of his sentence by filing two postconviction motions in the trial court. According to the documents submitted by Respondents, Mr. Beattie filed the first state court postconviction motion on August 18, 2003, and the trial court denied that motion on August 20, 2003. Mr. Beattie filed the second state court postconviction motion on March 13, 2006. On March 15, 2006, the trial court denied the second postconviction motion. On June 28, 2007, the Colorado Court of Appeals affirmed the denial of the second postconviction motion. Finally, on October 29, 2007, the Colorado Supreme Court denied Mr. Beattie's petition for writ of certiorari.

The Court received the instant action for filing on September 2, 2008. Mr. Beattie asserts two claims for relief in the amended application challenging his sentence. Mr. Beattie claims that he improperly was sentenced to a term of imprisonment in the aggravated range and that he improperly was sentenced to a term of mandatory parole.

2

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Beattie's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Beattie had forty-five days to file a notice of appeal after he was

3

sentenced on September 1, 2000. As a result, the Court finds that Mr. Beattie's conviction became final on October 16, 2000. The Court also finds that the one-year limitation period began to run on October 16, 2000, because Mr. Beattie does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims challenging his sentence before his conviction became final.

As noted above, Mr. Beattie did not file his first state court postconviction motion until August 2003, long after the one-year limitation period expired on October 16, 2001. Therefore, the Court finds that neither state court postconviction motion tolled the one-year limitation period and the instant action, which was not filed until September 2008, is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable

tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Beattie bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Beattie fails to allege any facts that might justify equitable tolling of the one-year limitation period. As a result, the Court finds that Mr. Beattie fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Beattie's claims are not exhausted. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 26 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01994-BNB

Wally R. Beattie
Prisoner No. 106583
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/28/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk